United States District Court
Southern District of Texas
**ENTERED**
November 10, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ASSOCIATION INSURANCE CO., § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:22-cv-00422 |
| § | |
| EQUINOX DESIGN, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before me is Plaintiff Association Insurance Co.'s Motion to Dismiss Defendants Equinox Design, Inc. and Rony-Claude Le Brun's 1st Amended Counterclaim ("Motion to Dismiss"). *See* Dkt. 26. Having reviewed the counterclaim and the Motion to Dismiss, I **DENY** the motion without prejudice.

By way of background, Association Insurance Co. ("Association") filed a declaratory judgment action against Equinox Design, Inc. and Rony-Claude Le Brun (collectively, "Defendants"), seeking a declaration that it has no duty to defend Defendants under several general liability insurance policies for a remaining fraud claim in a state court lawsuit.[1] Defendants filed a counterclaim—also a declaratory judgment action—seeking a declaration that in the event the insurance policies at issue do not obligate Association to defend Defendants against the fraud claim, Association should be estopped from denying coverage because Association's actions in the defense of the state court lawsuit have prejudiced Defendants.

In its Motion to Dismiss, Association argues that Defendants' counterclaim should be dismissed because it improperly mirrors Association's claim. Association also argues that the counterclaim should be dismissed because

---

[1] The underlying lawsuit is pending in the 333rd Judicial District Court of Harris County, Texas and concerns Equinox Design, Inc.'s allegedly faulty repairs to a home damaged by Hurricane Ike. *See* Dkt. 1 at 4.

"estoppel is only a defensive assertion and not a cause of action under Texas law." Dkt. 26 at 5. In response, Defendants argue that the counterclaim should be permitted to proceed because the counterclaim is not a mirror image of Association's claims, and estoppel *is* a distinct cause of action.

At this preliminary juncture, I think the best approach is to deny the Motion to Dismiss without prejudice and allow the parties to proceed through the discovery process. I will then, at the summary judgment stage, determine the viability of the counterclaim based on a full record.

For these reasons, Association's Motion to Dismiss is **DENIED** without prejudice.

SIGNED this 10th day of November 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE